UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **ARIEL GHEE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Civ. Action No. 12-0469 (ABJ)** |
| **HOWARD UNIVERSITY HOSPITAL** | ) | |
| **INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

<u>**MEMORANDUM OPINION**</u>

In this diversity action brought *pro se*, plaintiff is a resident of Baltimore, Maryland, suing Howard University Hospital, Inc. (hereafter "the Hospital") for medical malpractice.  Plaintiff seeks $5 million in damages for alleged injuries he suffered at age 13 when he was treated at the Hospital's emergency room in the District of Columbia on August 20, 2004.  *See* Compl. ¶¶ 7-14

Defendant moves to dismiss the case under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure based on plaintiff's failure to comply with the notification requirement of the D.C. Medical Malpractice Proceedings Act of 2006 ("MMPA"), D.C. Code § 16-2802, which applies to this action.  *See Brashear v. United States*, Civ. Action No. 11-1026, --- F. Supp. 2d ---, 2012 WL 759620, at *3-4 (D.D.C. Mar. 9, 2012) (observing that "[b]y applying § 16-2802 in diversity cases, [] courts [have] held that the notice requirement of the MMPA is a substantive rule of law for Erie purposes") (citing *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938)) (other citations omitted). Having considered the parties' submissions, the court agrees that plaintiff has not complied with the MMPA.  Since the notification requirement is a jurisdictional prerequisite to

1

filing suit, the court will grant defendant's motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction.

The MMPA provides: "Any person who intends to file an action in the court alleging medical malpractice against a healthcare provider shall notify the intended defendant of his or her action not less than 90 days prior to filing the action."   D.C. Code § 16-2802(a).   It further provides: "A legal action alleging medical malpractice shall not be commenced in the court unless the requirements of this section have been satisfied."   D.C. Code § 16-2802(c).   Hence, a plaintiff's failure to comply with the MMPA's notice provision deprives this court of subject matter jurisdiction.   *Coleman v. Wash. Hosp. Center Corp.*, 734 F. Supp. 2d 58, 62 (D.D.C. 2010), citing *Lacek v. Wash. Hosp. Ctr. Corp.*, 978 A.2d 1194 (D.C. 2009) (affirming dismissal for lack of subject matter jurisdiction where plaintiff filed a medical malpractice action four days before notifying the hospital of her intent to sue) (other citations omitted).

Plaintiff alleges that he provided notification to defendant by certified mail on January 26, 2012, Compl. ¶ 3, and defendant correctly calculates that the complaint filed on March 27, 2012, comes just 62 days after said notice.[1]   Since the MMPA requires that notice be given "not less

---

[1]     Plaintiff states that he "will turn age of consent within 5 days" Compl. ¶ 4, and that "[t]he applicable statute of limitations for [his] claim will expire this week if this claim is not filed."   *Id.* ¶ 3.   He therefore wants the court "to extend the applicable time . . . to commence against the defendants . . . that is required by . . . D.C. Code § 16-2803."   *Id.*   Since the complaint is not dated, plaintiff's time references are meaningless.   In any event, § 16-2803 provides: "If the notice required under § 16–2802 is served within 90 days of the expiration of the applicable statute of limitations, the time for the commencement of the action shall be extended 90 days from the date of the service of the notice."   Therefore, the extension is automatic if the limitations period has not expired.   Plaintiff has not stated any good reasons for having waited nearly three years to pursue his claim, and "virtually all plaintiffs should be able to give the notice much earlier than ninety days prior to the expiration of the statute of limitations and will have no need to rely on D.C.Code § 16–2803."   *Atiba v. Wash. Hosp. Center*, 43 A.3d 940, 943 (D.C. 2012).

than 90 days prior to filing the action," jurisdiction is wanting.   Therefore, this case will be dismissed without prejudice.   A separate Order accompanies this Memorandum Opinion.

_____s/_____
AMY BERMAN JACKSON
United States District Judge

DATE:   July 25, 2012